IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERT GONZALEZ LOMELI, | ) | No. C 10-2961 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| MRS. SHELTON, LVN, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding *pro se*, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Shelton, an employee of Soledad State Prison. For the reasons stated below, Plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff claims that on April 4, 2009, a nurse had "clos strip search" [sic] Plaintiff and searched his cell.[1]  On April 25, 2009, while Plaintiff was at the diabetic station line, Shelton told a correctional officer, "Don't let those two fuckin' Mexicans in here at the same time."  Plaintiff asserts that he was one of the Mexicans to whom she referred.

Plaintiff fails to state a cognizable claim upon which relief may be granted.  While disparaging comments may be displeasing, allegations of verbal harassment and abuse, without more, fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997).  Though district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotations omitted).  Here, even liberally construed, under the circumstances alleged, Plaintiff has not alleged facts sufficient to entitle him to relief for a civil rights violation.  As a result, the Court concludes that leave to amend would be futile.

Accordingly, this claim is DISMISSED without leave to amend.  The Clerk shall close the file.

IT IS SO ORDERED.

DATED:  10/7/2010                          *Lucy H. Koh*
                                LUCY H. KOH
                                United States District Judge

---

[1] It is unclear whether this "nurse" was Shelton.

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Lomeli961ftsc.wpd      2